UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| LISA GEISER, | ) |
| | ) |
| Plaintiff. | ) |
| v. | ) CAUSE NO: 3:17-cv-0864 |
| | ) |
| GOSHEN HEALTH SYSTEM, INC. | ) |
| a/k/a GOSHEN HEALTH, | ) |
| | ) |
| Defendant. | ) |
| | ) |
| | ) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. Nature of the Case.

Plaintiff, Lisa Geiser ("Geiser" and/or "Plaintiff"), brings this action against her former employer, Goshen Health System, Inc. a/k/a Goshen Health ("Defendant"), for violations of the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq*. Geiser also asserts a claim for retaliatory discharge under Indiana common law.

### II. Parties.

1. Geiser, at all times relevant to this action, resided within the geographical boundaries of the Northern District of Indiana, South Bend Division.

2. Defendant is a domestic nonprofit corporation which maintains offices and conducts business within the Northern District of Indiana, South Bend Division.

### III. Jurisdiction

3. Federal question subject matter jurisdiction is conferred on this Court by 29 U.S.C. § 2617(a)(2). Supplemental jurisdiction over the state-law claim is conferred on the Court by 28 U.S.C. § 1367(a).

4. Geiser held an employment relationship with Defendant.

5. At all times relevant, Geiser was an "eligible employee" as defined by the FMLA, 29 U.S.C. § 2611(2).

6. Defendant is an "employer" as defined by the FMLA, 29 U.S.C. § 2611(4).

7. All facts, events, and transactions giving rise to this lawsuit occurred within the geographic environs of the Northern District of Indiana; thus, venue is proper in this Court.

### IV.  Factual Allegations

8. Geiser, a registered nurse, began her employment with Goshen Health in November of 2015.

9. Throughout her employment Geiser met and/or exceeded Defendant's legitimate performance expectations.

10. For example, during her employment, Geiser was a member of the unit awarded the Gold Beacon Award and was individually a two (2) time nominee and a recipient of the Macademy Award in February of 2017.

11. As further evidence of her exemplary work performance, Defendant offered and Geiser accepted a position as a Telehealth RN in November of 2016.

12. The position of Telehealth RN was a first of its kind for Defendant and Geiser.

13. From February 13, 2017, through February 17, 2017, Geiser missed work in order to care for her sick child who was suffering from a serious health condition.

14. This leave was approved by Defendant pursuant to the FMLA.

15. Subsequently, during her Performance Evaluation Geiser was disciplined for these absences that were covered under the FMLA.

16. Specifically, Geiser's performance evaluation (dated February 22, 2017) noted that "Lisa has had several personal (and automotive) issues which resulted in her being tardy for work. While she is great at informing her supervisor of impending tardiness, she needs to work on minimizing. Lisa off work week of 2/13-2/17 for sick child."

17. As a result of these absences, which are protected under the FMLA, Geiser was placed on an Action Plan for Performance Improvement. [See Section E. Performance Evaluation dated February 22, 2017].

18. Defendant violated Geiser's rights by retaliating, discriminating, and/or interfering with her rights under the FMLA.

19. Defendant's actions have violated 29 C.F.R. §825.220(c), in that Defendant used Geiser's taking of FMLA leave as a "negative factor" in employment actions.

20. Defendant took an adverse employment action based on the fact that Geiser took FMLA-protected leave.

21. Indeed, the only reason cited with Geiser's Action Plan for Improvement is attendance, which specifically lists dates of absences approved under the FMLA.

22. Defendant penalized Geiser for exercising her federally protected rights.

23. Thereafter, in March of 2017, Defendant began ordering Geiser to perform pulmonary function tests on patients.

24. Pulmonary function tests are normally performed by Respiratory Therapists and not RN's.

25. Such a test was not part of Geiser's job description.

26. On numerous occasions, Geiser made it clear to Defendant that she had not previously performed such a test and did not feel competent in doing so.

27. On March 23, 2017, after increasing pressure from Defendant, Geiser informed Supervisor Simona Flores that she could not perform the pulmonary function test since it was outside the scope of her practice.

28. Geiser also told Supervisor Flores that she planned on contacting the Indiana State Board of Nursing and Indiana State Nursing Association for further information.

29. The next day, on March 24, 2017, Geiser was terminated.

30. On the termination paperwork provided to Geiser, Defendant Health specifically referenced the extension of her evaluation due to attendance and that Geiser told Supervisor Flores "that you were not going to do the rt visits for the study because you did not feel this was in your scope."

31. The reasons and admissions offered by Defendant are unlawful under both Federal and State law.

32. Geiser has a statutory duty to only function and perform duties within the legal boundaries of her nursing license.

33. Geiser has a statutory duty to use nursing behaviors that meet the minimal standards of acceptable and prevailing nursing practices.

34. Geiser has a statutory duty to refrain from nursing behaviors that could jeopardize the health, safety, and welfare of the public.

35. Defendant unlawfully terminated Geiser for her refusal to breach a statutorily imposed duty and in violation of the FMLA.

36. If Geiser would have acquiesced to Defendant's demands she could have been subjected to liability for breaching a statutory duty including but not limited to 848 IAC § 2-2-1 (nursing responsibility), 848 IAC § 2-2-2 (nursing responsibility),  848 IAC § 2-2-3

(unprofessional nursing conduct), Ind.Code § 25-22.5-8-1, Ind.Code § 25-22.5-8-2, Ind.Code § 25-23-1–*et seq.,* and Ind. Code § 35-42-2-2.

37. Geiser could have lost her nursing license, been subject to criminal or civil liability, and/or criminal recklessness.

38. Additionally, Defendant interfered with and denied Geiser her substantive legal rights under the FMLA. Indeed, Defendant attempted to justify its termination of Geiser by holding her accountable for absences that were protected under the FMLA.

39. Defendant's actions were willful, intentional, and done with reckless disregard for Geiser's federal and state rights.

40. Geiser has been and continues to be economically, physically, and emotionally harmed because of Defendant's unlawful actions.

## V.  Legal Claims

### Count I.  FMLA Interference – 29 U.S.C. § 2615(a)(1)

41. Geiser hereby incorporates paragraphs one (1) through forty (40) of her Complaint herein.

42. Defendant interfered with Geiser's rights and retaliated against her when they disciplined her for attendance violations that were FMLA protected and which Geiser was entitled to receive.

43. Defendant interfered with Geiser's substantive legal rights under the FMLA to use medical leave for her daughter's own serious health condition.

44. Defendant's denial of Geiser's substantive rights under the FMLA caused Geiser's termination of employment.

44. Defendant's actions interfered with Geiser's rights under the FMLA and were

intentional, willful, and in reckless disregard of Geiser's rights as protected under the FMLA. Defendant's actions also interfered with Geiser's rights under the FMLA.

### Count II.  FMLA Retaliation – 29 U.S.C. § 2615(a)(2)

45. Geiser hereby incorporates paragraphs one (1) through forty-four (40) of her Complaint herein.

46. Geiser engaged in protected activity under the FMLA.

47. Defendant terminated Geiser in retaliation for having engaged in protective activity under the FMLA.

48. Defendant's actions were intentional, willful, and in reckless disregard of Geiser's rights as protected under the anti-retaliation provisions of the FMLA.

### Count III.  Retaliatory Discharge - *McCLANAHAN*

49. Geiser hereby incorporates paragraphs one (1) through forty-eight (48) of her Complaint herein.

50. Defendant ordered Geiser to perform pulmonary function tests on patients.

51. Defendant's order would have required Geiser to breach a statutorily imposed duty.

52. Defendant's Order could have subjected Geiser to liability.  Geiser could have lost her nursing license, been subject to criminal or civil liability, and/or criminal recklessness by complying with Defendant's Order.

53. Geiser refused Defendant's Order.

54. Defendant terminated Geiser for refusing to breach a statutorily protected duty.

55. Defendant acted maliciously or with reckless disregard to Geiser's rights as protected by Indiana common law.

## VI. REQUESTED RELIEF

WHEREFORE, Plaintiff, Lisa Geiser, by counsel, requests that this Court find for her and order that:

1. Reinstate Geiser to the position, salary, and seniority level she would have enjoyed but for Defendant's unlawful employment action(s), or award her front pay and benefits in lieu of reinstatement.

2. Pay to Plaintiff all of her lost wages and benefits;

3. Pay to Plaintiff liquidated damages;

4. Pay to Plaintiff compensatory damages;

5. Pay to Plaintiff punitive damages;

6. Pay to Plaintiff pre- and post- judgment interest;

7. Pay Plaintiff's costs and attorney fees incurred in litigating this ; and

8. Pay to Plaintiff any and all other damages and/or relief deemed appropriate and just by this Court.

Respectfully submitted,

 *s/ Ryan P. Sink*
Ryan P. Sink (27350-29)
FOX WILLIAMS & SINK, LLC
6177 North College Avenue
Indianapolis, Indiana 46220
rsink@fwslegal.com
Telephone: 317-254-8500
Facsimile: 844-273-6464

## **DEMAND FOR JURY TRIAL**

The Plaintiff, Lisa Geiser, by counsel, respectfully requests a jury trial as to all Issues deemed triable.

*s/ Ryan P.Sink*
Ryan P. Sink