UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| LISA GEISER, ) | |
| ) | |
| Plaintiff. ) | |
| v. ) | CAUSE NO: 3:17-cv-0864-JD-MGG |
| ) | |
| GOSHEN HEALTH SYSTEM, INC. ) | |
| a/k/a GOSHEN HEALTH, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO DISMISS
COUNTERCLAIM PURSUANT TO RULE 12(b)(1)**

Defendant's primary argument that its counterclaim is "so related" to Plaintiff's FMLA and *McClanahan* claims is that Plaintiff *may* assert a defense of first breach. According to Defendant, "Plaintiff may have believed (and will likely argue) that Goshen Health's alleged wrongful termination of her employment excused her from honoring her promise to repay her bonus." [Docket No. 17, p. 6]. Anticipating Plaintiff's likely defense, Defendant concludes that "[b]oth Plaintiff's claims require the Court to examine the nature of the relationship between Plaintiff and the facts and circumstances surrounding Plaintiff's termination of employment." [*Id.*]. As explained more fully below, Defendant's assumption and resulting conclusion are misplaced. Moreover, the cases cited by Defendant are inapposite.

First and foremost, potential defenses cannot serve as the basis for supplemental jurisdiction. Pursuant to 28 U.S.C. § 1367, "the district courts shall have supplemental jurisdiction over all other *claims* that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy . . . ." (emphasis added). Nothing in the plain language of the statute provides a basis for jurisdiction based on the facts of a potential defense. *See also Blackburn v. Sundstrand Corp.,* 115 F.3d 493, 495 (7th Cir. 1997)

("it has been understood for a very long time that a federal defense to a claim arising under state law does not create federal jurisdiction. . . ."); *Brooks v. Auto Sales & Services, Inc.*, 2001 WL 686950, at *7 (S.D. Ind. 2001) ("It is clear that the Defendants feel dismissal of the claims is appropriate pursuant to the doctrines of *res judicata* and collateral estoppel. However, these doctrines are defenses, which are usually addressed after a court determines it has subject matter jurisdiction over the claims."). Accordingly, Defendant's attempts to gain supplemental jurisdiction based on an anticipated defense of the Plaintiff must fail.

Despite its claim to the contrary, Defendant's breach of contract claim does *not* "require the Court to examine the nature of the relationship between Plaintiff and the facts and circumstances surrounding Plaintiff's termination of employment." [Docket No. 17, p. 6]. Defendant's counterclaim has nothing to do with the who, what, where, why and how of Plaintiff's termination. Instead, it is quite simple: Defendant alleges that Plaintiff agreed to repay a sign-on bonus if she did not remain in her position for a period of two years, and that the amount was due to be paid within 30 days of her separation. [Docket No. 10, pp. 14-15]. The "facts and circumstances surrounding Plaintiff's termination," quite simply have nothing to do with Defendant's counterclaim. The *only* facts that overlap with Plaintiff's claims are that: (1) Plaintiff was employed with Defendant; and (2) Plaintiff is no longer employed with the Defendant. In other words, Defendant's counterclaim relies on nothing more than the employment relationship between Plaintiff and Defendant. As explained in Plaintiff's original brief, this is not enough. *See Villareal v. El Chile, Inc.*, 601 F. Supp.2d 1011, 1018 (N.D. Ill. 2009) ("courts have held that an employment relationship is insufficient in an FLSA case to provide a common nucleus of operative facts establishing supplemental jurisdiction over the employer's state law claims against the employee"); *Kelso v. Complete Home Renovations, Inc.*, 2017 WL 495789, at *2 (S.D. Ind. 2017) ("Compete has not provided any factual basis beyond alleging it had a working relationship with Kelso to demonstrate how its Counterclaim for

2

conversion of Complete's accounts receivable relates to Kelso's claims alleging that Complete failed to pay her proper wages, and the existence of an employment relationship alone cannot establish a common nucleus of operative fact to support supplemental jurisdiction in an FLSA case."). Thus, Defendant's counterclaim should be dismissed for lack of jurisdiction.

The cases cited by Defendant, and its attempts to distinguish those relied upon by Plaintiff are unpersuasive. First, Defendant relies heavily on *Adams St. Joint Venture v. Harte*, 231 F. Supp.2d 759 (N.D. Ill. 2002). However, in that case, the Court specifically found that "[b]oth the plaintiffs' and the defendant's claims require the Court to examine the nature of the relationship between [the defendant] and his employers." *Id.* at p. 763. As explained above, this is not the case in the instant matter. Defendant's claim involves only that Plaintiff was once employed and is no longer employed. How Plaintiff performed her duties or why she was terminated are simply irrelevant to Defendant's claim.

Likewise, in *Rothman v. Emory Univ.*, the court found that the defendant's counterclaim sufficiently related to the plaintiff's underlying claims because the defendant alleged that plaintiff refused to pay monies owed because plaintiff thought defendant's violation of antidiscrimination laws (the subject of plaintiff's underlying claim) relieved him of that responsibility. 123 F.3d 446, 454 (7th Cir. 1997). Defendant's counterclaim makes no such allegations. Instead, Defendant argues that Plaintiff *could* raise first breach as a *defense*. As explained above, defenses (especially those that have not yet been claimed) do not provide a basis for supplemental jurisdiction.

Defendant next attempts to distinguish *Mourning v. Ternes Packaging, Indiana, Inc.*, 2015 WL 13646940 (S.D. Ind. 2015), stating that, in that case, "the court refused to exercise supplemental jurisdiction over two state law claims asserted against a different defendant . . . that *were unrelated to plaintiff's termination of employment*." [Docket No. 17, p. 7 (emphasis added). Yet, in *Mourning's* analysis, the court states exactly the opposite. Indeed, the court

3

found that "[i]t is clear that Mourning's state and federal claims relate to some extent to the termination of her employment [from]Ternes Packaging.  Even so, *this factual connection, standing alone, is insufficient to support supplemental jurisdiction.*"  [*Id.* at *2 (emphasis added)]. Ultimately, the court looked to the essential elements of the state law claims to conclude that they were not sufficiently related to the underlying federal claims, concluding that the claims lacked a common nexus of law and fact.  [*Id.* at *3].  The same is true here.  Defendant's counterclaim could be completely litigated without implicating the underlying facts of Plaintiff's underlying claims.  Accordingly, dismissal is appropriate.

For the foregoing reasons, the Plaintiff respectfully requests that the Court dismiss Defendant's Counterclaim.

Respectfully submitted,

*/s/ Ryan C. Fox*
Ryan C. Fox (21631-49)
Ryan P. Sink (27350-29)
Attorneys for Plaintiff

Fox Williams & Sink, LLC
6177 North College Avenue
Indianapolis, IN 46220

4

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the foregoing document was served this 14th day of February, 2018, by the Court's electronic filing system to the following:

Jeffery A. Johnson
Daniel R. Appelget
MAY OBERFELL LORBER
4100 Edison Lakes Parkway, Suite 100
Mishawaka, Indiana 46545

*/s/ Ryan C. Fox*
Ryan C. Fox