UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| LISA GEISER, | ) |
| | ) |
| Plaintiff/Counter-Defendant, | ) |
| | ) |
| v. | ) Case No. 3:17-CV-864 JD |
| | ) |
| GOSHEN HEALTH SYSTEM INC, | ) |
| | ) |
| Defendant/Counter-Plaintiff. | ) |

**OPINION AND ORDER**

Plaintiff Lisa Geiser brought this action against her former employer, Defendant Goshen Health System Inc, alleging interference with her legal rights under the Family Medical Leave Act (the "FMLA"), 29 U.S.C. § 2601 *et seq.*, unlawful retaliation under the same, and retaliatory discharge under Indiana common law (sometimes referred to as a "*McClanahan*" claim). [DE 1] Goshen Health answered the complaint and filed a counterclaim for breach of contract, alleging that Geiser violated her agreement to pay back the outstanding portion of a "sign-on" bonus upon her termination. [DE 10] Geiser now moves to dismiss the counterclaim pursuant to Fed. R. Civ. P. 12(b)(1) for lack of supplemental jurisdiction. [DE 13] For the reasons stated herein, the Court will grant the motion to dismiss.

**FACTUAL ALLEGATIONS**

Geiser is a registered nurse who started working for Goshen Health in 2015. She executed a "sign-on" bonus agreement and related bonus repayment authorization, whereby Goshen Health paid her a $2,000 bonus in February 2016. The term "bonus," however, is somewhat of a misnomer. The arrangement appears to be more like an advance; after paying the

1

lump sum, Goshen Health would then deduct $100 from Geiser's paychecks over twenty total pay periods in order to satisfy repayment of the bonus. By entering into this arrangement, Geiser promised to abide by the following relevant terms:

> Bonus Repayment Authorization:
>
> I further agree that if my employment should terminate prior to my full repayment of this amount, ***I will owe the remaining balance amount within 30 days of separation.***
>
> RN Sign-On Bonus Agreement:
>
> If I leave prior to the agreed upon timeframe, for any bonus payment I have received, I will owe back the full amount to be deducted from the remaining paychecks upon giving notice of leaving.

[DE 10-1 (emphasis in the original); DE 10-2] None of this language makes repayment of the outstanding bonus contingent on the manner or circumstances of an employee's termination.

Geiser missed four days of work in February 2017 to care for her sick child. According to Geiser, Goshen Health approved this leave pursuant to the FMLA, yet Geiser alleges she was nonetheless disciplined for these absences and placed on a performance improvement plan. In March 2017, Geiser further maintains that personnel at Goshen Health ordered her to perform pulmonary function tests on patients. On March 23, 2017, Geiser informed her supervisor that she could not perform these tests because she believed them to be outside the scope of her practice. She also told her supervisor that she planned to contact state nursing authorities for further information. Goshen Health terminated Geiser's employment the next day, March 24, 2017. At that time, Geiser still owed $1,000 under the bonus repayment authorization, but refused to pay, despite demands from Goshen Health.

**STANDARD**

Rule 12(b)(1) authorizes dismissal of claims over which the Court lacks subject matter jurisdiction. In analyzing a motion to dismiss, the Court must accept as true all well-pled factual allegations and must draw all reasonable inferences in favor of the plaintiff. *Long v. Shorebank Dev. Corp.*, 182 F.3d 548, 554 (7th Cir. 1999). Further, "[t]he district court may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." *Id.* (citations omitted). The burden of establishing proper federal subject matter jurisdiction rests on the party asserting it, which for the purposes of this motion is the counter-plaintiff, Goshen Health. *Muscarello v. Ogle Cnty. Bd. of Comm'rs*, 610 F.3d 416, 425 (7th Cir. 2010).

**DISCUSSION**

Goshen Health asserts that the Court has supplemental jurisdiction over its breach of contract counterclaim under 28 U.S.C. § 1367(a).[1] The supplemental jurisdiction statute provides that:

> [I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

---

[1] It appears no other grounds for subject matter jurisdiction exist. Simple breach of contract does not invoke federal question jurisdiction, and there can be no diversity jurisdiction here as the amount in controversy comes nowhere close to $75,000. *See* 28 U.S.C. § 1332(a). Moreover, Goshen Health's allegations would not suffice to establish diversity of citizenship of the parties. Regarding Geiser, Goshen Health alleges that "[u]pon information and belief, [she] resided within the geographical boundaries of the Northern District of Indiana, South Bend Division at all times relevant to this action." [DE 10 at 14, ¶ 1] Allegations of citizenship for purposes of diversity jurisdiction cannot be made on "information and belief," *see Am.'s Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992), and allegations of a party's residency are not the same as those alleging the required citizenship. *Martin v. Living Essentials, LLC*, 653 F. App'x 482, 485 (7th Cir. 2016) ("[R]esidence and citizenship may differ, so alleging only the former will not invoke diversity jurisdiction.").

*Id.* This language gives the Court federal jurisdiction over state law claims that derive from the same "'common nucleus of operative fact'" as do the related federal law claims, and that are "of a type that would ordinarily be expected to be tried in a single judicial proceeding." *Mourning v. Ternes Packaging, Indiana, Inc.*, No. 1:14-cv-772, 2015 WL 13646940, at *2 (S.D. Ind. Aug. 24, 2015) (quoting *United Mines Workers v. Gibbs*, 383 U.S. 715, 725 (1966)). "A loose factual connection between the claims is generally sufficient" to satisfy the common nucleus of operative fact test. *Sanchez & Daniels v. Koresko*, 503 F.3d 610, 614 (7th Cir. 2007) (citations omitted).[2]

Geiser now seeks to dismiss Goshen Health's counterclaim due to lack of supplemental jurisdiction. Specifically, Geiser argues that the alleged breach of an agreement she signed during her employment with Goshen Health does not form part of the same case or controversy as her FMLA interference, FMLA retaliation, and state retaliatory discharge claims. According to Geiser, the only common fact shared by her claims and Goshen Health's counterclaim is the fact that she was employed and subsequently terminated by Goshen Health (or in other words, that an employment relationship existed between the parties), which is not enough to confer supplemental jurisdiction.

Obviously, Geiser's claims and Goshen Health's counterclaim relate to some extent to the termination of Geiser's employment. Her termination is at the heart of her FMLA and *McClanahan* charges, and her contractual obligation to repay her sign-on bonus triggered upon her termination. Even so, the common fact that an employment relationship existed between the parties, standing alone, is insufficient to support supplemental jurisdiction. *Mourning*, 2015 WL 13646940, at *2 (citing *Farr v. Cont'l White Cap, Inc.*, No. 90 C 4521, 1992 WL 57198, at *1

---

[2] "The somewhat narrower 'same transaction or occurrence' test that was used before the adoption of § 1367 no longer governs." *Koresko*, 503 F.3d at 614.

(N.D. Ill. Mar. 16, 1992) ("[t]he mere fact that both claims arose from [plaintiff]'s employment … is insufficient to warrant exercise of this court's pendent jurisdiction."); *Berg v. BCS Fin. Corp.*, 372 F. Supp. 2d 1080, 1095 (N.D. Ill. 2005) ("that these claims emerged out of the same factual background or from Berg's general employment relationship with BCS is insufficient"). Otherwise, "the potential for unrelated claims to be brought together would be high given that such an employer-employee relationship is a prerequisite in many statutes." *Lewis v. Carrier One, Inc.*, No. 15 CV 7402, 2016 WL 910522, at *3 (N.D. Ill. Mar. 10, 2016)

Determining the issue of supplemental jurisdiction requires the Court to "look to the facts *necessary to establish each claim* and to the extent to which the state law claims are interrelated with/to the federal claims." *Mourning*, 2015 WL 13646940, at *2 (emphasis added); *see also Ballentine v. Birkett*, Cause No. 2:12-CV-236, 2013 WL 3467193, at *2 (N.D. Ind. July 10, 2013) (dismissing state tort claim where "the operative facts necessary to prove that the state actors committed federal constitutional violations [were] separate and distinct from the operative facts necessary to prove that [plaintiff's] employer committed state tort violations."); *Hadad v. World Fuel Servs., Inc.*, No. 13 C 3802, 2013 WL 6498894, at *3 (N.D. Ill. Dec. 11, 2013) (dismissing state law battery claim where the facts "necessary to establish" the battery claim were unrelated to those "necessary to establish" a claim under the FLSA).

The Court's analysis begins by looking at the elements of Goshen Health's breach of contract claim to determine whether they "form part of the same Article III case or controversy" as Geiser's claims. *Haddad*, 2013 WL 6498894, at *3 (citing *Ervin v. OS Restaurant Servs., Inc.*, 632 F.3d 971, 980 (7th Cir. 2011)). Under Indiana law, breach of contract requires the plaintiff to prove that: (1) a contract existed; (2) the defendant breached the contract; and (3) the plaintiff suffered damage as a result of the defendant's breach. *Collins v. McKinney*, 871 N.E.2d 363, 370

(Ind. Ct. App. 2007). The operative facts necessary to prove Geiser's FMLA and *McClanahan* claims, on the other hand, share none of these essential elements. Instead, they center on whether an employer interfered with an employee's rights as provided in the FMLA, discharged an employee for opposing an employer's unlawful conduct, or discharged an employee after the employee refused to commit an illegal act (for which she would be personally liable) at the employer's behest. *See* 29 U.S.C. §§ 2615(a)(1)-(2); *McClanahan v. Remington Freight Lines, Inc.*, 517 N.E.2d 390, 392-93 (Ind. 1988). These elements are immaterial to Goshen Health's counterclaim for breach of contract. And, although the contract at issue here is one between an employer (Goshen Health) and its employee (Geiser), that commonality simply reflects an employment relationship between the parties, which, again, is insufficient to extend supplemental jurisdiction. *See Lewis*, 2016 WL 910522, at *4 (dismissing conversion claim because it did not derive from the same nucleus of operative facts as the federal FLSA claim; the common fact between the two claims – alleged deduction of wages – did not support jurisdiction as it only reflected an employment relationship).

Goshen Health responds that both its counterclaim and Geiser's claims "require the Court to examine the nature of the relationship between Plaintiff and Goshen Health and the facts and circumstances surrounding Plaintiff's termination of employment." [DE 17 at 6] Therefore, it argues that its counterclaim is sufficiently related to Geiser's claims to invoke the Court's supplemental jurisdiction. In support, Goshen Health relies on *Adams St. Joint Venture v. Harte*, wherein the district court retained supplemental jurisdiction over defendant's counterclaims for breach of contract. 231 F. Supp. 2d 759 (N.D. Ill. 2002). In *Harte*, defendant's employers sued him for RICO violations, fraud, conversion, and breach of fiduciary duty, all based on their belief that he wrongfully diverted funds during his employment. *Id.* at 760. Defendant then

counterclaimed for breach of contract stemming from his employers' failure to pay him for his work. *Id.* at 761. As the court in that case noted, both sides' allegations rested on defendant's conduct as an employee during the few years leading up to his resignation; the two sets of claims "require[d] the Court to examine the nature of the relationship between Harte and his employers," and whether he either performed or violated his duties. *Id.* at 763. This similarity supplied the "loose factual connection" and "common nucleus of operative facts" necessary for the court to exercise its supplemental jurisdiction. *Id.*

The *Harte* court also noted that supplemental jurisdiction was additionally supported by the possibility that plaintiffs believed defendant's allegedly wrongful conduct excused them from honoring their contractual obligations. *Id.* The second case Goshen Health cites hinges on similar logic. In *Rothman v. Emory Univ.*, a law school graduate with epilepsy sued his law school for violating the Americans with Disabilities Act and the Rehabilitation Act, and also brought a claim against the Department of Education for failing to investigate his complaints about the school. 123 F.3d 446, 448 (7th Cir. 1997). Emory filed a counterclaim for breach of contract, based on plaintiff's refusal to pay back his student loans. *Id.* At summary judgment, the lower court found that plaintiff could not make out a prima facie case of discrimination, and in a subsequent order likewise entered summary judgment for Emory on its counterclaim. *Id.* at 450. On appeal, the Circuit affirmed the lower court's retention of defendant's counterclaim because the underlying record showed that the only reason plaintiff refused to repay his student loans was that he believed "Emory's violation of the antidiscrimination laws relieved him of that responsibility." *Id.* at 454. Relying on *Rothman* (and *Harte*, to the extent applicable), Goshen Health maintains that supplemental jurisdiction exists here because Geiser "may have believed

(and will likely argue) that Goshen Health's alleged wrongful termination of her employment excused her from honoring her promise to repay her bonus." [DE 17 at 6]

Goshen Health's arguments – and its reliance on *Harte* and *Rothman* – are misplaced for several reasons. First, its counterclaim does not require the Court to examine the "facts and circumstances surrounding Plaintiff's termination of employment." The contractual repayment condition at play here does not depend on the manner of or reasons for an employee's termination. It requires an employee to pay back the outstanding bonus balance simply if he or she "leave[s] prior to the agreed upon timeframe" or if his or her "employment should terminate" prior to making all installments on the repayment plan. [DE 10-1; DE 10-2] For example, Geiser would still be contractually bound to repay any remaining bonus amount if she left Goshen Health on her own accord for a better job. In that sense, this case is distinguishable from *Harte*, because the parties' claims here do not stem from the same common nucleus of operative facts. *See generally*, 231 F. Supp. 2d 759 (retaining supplemental jurisdiction where both parties' claims depended on an examination of defendant's job performance). Geiser's alleged refusal to repay her bonus has nothing to do with her own allegations that Goshen Health violated her rights as an employee and retaliated against her, and so, supplemental jurisdiction is lacking.

Second, Goshen Health improperly suggests that supplemental jurisdiction can be based on the potential defense that Geiser's alleged wrongful termination excused her from repaying her bonus. This argument fails. The Seventh Circuit has made clear that "[j]urisdiction is determined by what the plaintiff claims rather than by what may come into the litigation by way of defense." *Schleicher v. Salvation Army*, 518 F.3d 472, 478 (7th Cir. 2008) (citing *Franchise Tax Board v. Construction Laborers Vacation Trust*, 463 U.S. 1, 16 (1983); *Primax Recoveries, Inc. v. Sevilla*, 324 F.3d 544, 549 (7th Cir. 2003)). Moreover, to the extent Goshen Health

formed this argument from its reading of *Harte* and *Rothman*, those cases are distinguishable. For example, even though the lower court in *Rothman* retained supplemental jurisdiction over the breach of contract counterclaim where plaintiff believed defendants' alleged conduct excused him from repaying student loans, it did so at the summary judgment stage, where the plaintiff's defense was *not* prospective. *See generally*, 123 F.3d 446. But *Rothman* is also distinguishable because "the primary issues underlying Emory's discrimination claims were already decided against Rothman, and thus it was abundantly clear how [the] state claim should be decided. *Id.* at 454 (citing *Wright v. Associated Ins. Cos.*, 29 F.3d 1244, 1251 (7th Cir. 1994) ("If the district court, in deciding the federal claim, decides an issue dispositive of a pendant claim, there is no use leaving the latter to state court.")). Once the district court determined that Rothman could not make a prima facie case on his discrimination claims, his only defense to the breach of contract counterclaim collapsed. Because it was then "abundantly clear" how the counterclaim would be resolved, the court properly retained supplemental jurisdiction and avoided a needless waste of judicial resources in the state courts. *Rothman* is of little help to Goshen Health while this case is still in the pleadings stage.

In rejecting Goshen Health's arguments, the Court lastly notes that Geiser's FMLA and *McClanahan* claims will remain unaffected by the dismissal of Goshen Health's counterclaim for breach of contract – a fact that further indicates that supplemental jurisdiction does not exist. *See Mourning*, 2015 WL 13646940, at *3 (dismissing state law claims for tortious interference and defamation for lack of supplemental jurisdiction where their dismissal would not impact the resolution of plaintiff's federal claims, which included a FMLA claim); *Berg*, 372 F. Supp. 2d at 1095 (dismissing a breach of contract claim where it "would not affect" federal ERISA claim); *Hadad*, 2013 WL 6498894, at *4 (dismissing a battery claim when it would have "no effect on

9

the adjudication" of the FLSA claim). And, judicial economy does not require that Goshen Health's counterclaim remain in this Court, as "no significant judicial resources have been expended on it." *Lewis*, 2016 WL 910522, at *3.

## CONCLUSION

For all the foregoing reasons, the Court hereby **GRANTS** Geiser's motion [DE 13] and **DISMISSES** Goshen Health's counterclaim for breach of contract, without prejudice.

SO ORDERED.

ENTERED: July 30, 2018

/s/ JON E. DEGUILIO
Judge
United States District Court